**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT GREENEVILLE**

| | | |
|---|---|---|
| VLADIMIR KRUGLYAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:24-CV-00168-DCLC-CRW |
| | ) | |
| JOHN HURON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendants moved for an award of attorney's fees under 42 U.S.C. § 1988(b) [Doc. 50]. The Court referred that motion to United States Magistrate Judge Cynthia Wyrick [Doc. 53], who recommended that it be granted in part and that Defendants be awarded $24,381.95 [Doc. 65]. Plaintiff Vladimir Kruglyak, proceeding pro se, has filed objections [Doc. 66] to that Report and Recommendation. For the reasons set forth herein, Plaintiff's objections are **SUSTAINED IN PART** and **OVERRULED IN PART**, the Report and Recommendation is **ADOPTED AS MODIFIED**, and Defendants are awarded **$19,003.92**.

**I. BACKGROUND**

The Report and Recommendation sets out the procedural history of this case [Doc. 65 at 1–3], and the Court does not repeat it except as necessary. In sum, Plaintiff lost a driveway-easement dispute with his neighbors, Defendants John and Sandra Huron, in the Chancery Court for Sullivan County, and the Tennessee Court of Appeals affirmed that result. Plaintiff then sued the Hurons and their attorney, Defendant A.D. Jones, Jr., in this Court, asserting seventeen counts, which included claims under 42 U.S.C. §§ 1983 and 1985 [Doc. 2]. The Court dismissed the federal claims with prejudice, declined to exercise supplemental jurisdiction over the state law

claims [Doc. 43], and denied Plaintiff's motion to alter or amend the judgment [Doc. 47]. Plaintiff appealed [Doc. 48], and the Sixth Circuit affirmed. *Kruglyak v. Huron*, No. 26-5230, slip op. at 3 (6th Cir. Oct. 28, 2026) (order). Defendant John Huron died on or about March 6, 2026, and the Court has substituted Sandra Jo Huron, as Administrator Ad Litem for the Estate of John Huron, in his place [Doc. 72].

## II. STANDARD OF REVIEW

The Court reviews de novo those portions of a report and recommendation to which a party has properly objected, and it may accept, reject, or modify the recommended disposition. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only specific objections are entitled to de novo review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). At the objection stage, absent compelling reasons, a party may not raise new arguments or issues that were not presented to the magistrate judge. *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)). The Court may receive further evidence at this stage, but whether to do so is within its discretion. Fed. R. Civ. P. 72(b)(3).

Plaintiff presents fourteen objections, many of which overlap. The Court addresses them by subject. To the extent any objection is not separately discussed, it restates an argument addressed below or in the Report and Recommendation and is overruled for the reasons stated there.

## III. ANALYSIS

### A. Entitlement to Fees (Objections One, Two, Five through Eight, Ten, Eleven, and Fourteen)

A prevailing defendant may recover fees under § 1988(b) only if the plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith," or if the plaintiff continued to litigate after it clearly became so. *Christiansburg Garment Co. v.*

*EEOC*, 434 U.S. 412, 421–22 (1978); *see Hughes v Rowe*, 449 U.S. 5, 14 (1980) (per curiam) (applying *Christiansburg* to § 1988). The Court must "resist the understandable temptation to engage in post hoc reasoning" that treats a claim as groundless simply because it failed. *Christiansburg*, 434 U.S. at 421–22. Fees may be warranted where "no evidence supports the plaintiff's position" or where "the defects in the suit are of such magnitude that the plaintiff's ultimate failure is clearly apparent from the beginning." *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 183 (6th Cir. 1985). But an award against a losing civil rights plaintiff "'is an extreme sanction, and must be limited to truly egregious cases of misconduct.'" *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001) (quoting *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986)).

### 1. The Claims Were Frivolous When Filed

Plaintiff's central objection is that the Report and Recommendation equates dismissal under Rule 12(b)(6) with frivolousness [Doc. 66 at 4–6]. The Court agrees that the two are not the same, and accordingly, does not rest its conclusion on the fact that the Court dismissed his complaint. Instead, it rests on the nature of the defects, each of which was apparent from the face of the Complaint and foreclosed by settled law when Plaintiff filed his complaint.

*Section 1983.* Section 1983 claims require conduct by a person acting under color of state law. Defendants were Plaintiff's two neighbors and the private attorney who represented them in the state litigation. "A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983." *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981)). Further, private parties who invoke state judicial process do not become state actors; a plaintiff "may not simply list a series of state court rulings that have not gone as [he] would have liked, make the conclusory allegation that they are the result of corruption, and expect to survive a Rule 12(b)(6)

motion." *Tahfs v. Proctor*, 316 F.3d 584, 592 (6th Cir. 2003). Such parties act under color of state law only when they are "willful participant[s] in joint action with the State or its agents," and "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). Without that element, Plaintiff's § 1983 claims were without foundation at the outset.

Plaintiff now emphasizes his allegation that Mr. Jones once served as a municipal traffic-court judge and presided over a citation involving the same property [Doc. 66 at 16–17]. The Sixth Circuit noted that the citation in the record was issued by "Katharine Jones," not Mr. Jones, a fact that raises "troubling questions about Kruglyak's honesty and candor with this court." *Kruglyak*, slip op. at 4. In any case, as the Complaint reflects, Mr. Jones's service as a traffic-court judge preceded the Hurons' state court suit by more than two years [Doc. 2 ¶¶ 18–19; *see* Doc. 21 at 6–7], and Plaintiff did not allege that Mr. Jones acted in any official capacity at the time he represented the Hurons. Under no plausible reading of the Complaint did this allegation furnish a basis for a § 1983 claim.

*Section 1985.* A conspiracy claim under § 1985(3) requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). In dismissing the Complaint, the Court found that Plaintiff had not alleged that he belongs to any protected class or that any Defendant was motivated by class-based animus [Doc. 43 at 7]. Thus, on its face, the claim lacked an essential element from the outset.

*Relitigation.* Plaintiff's filing of the federal claims were an effort to overturn the result of the state court case he lost both at trial and on appeal. Plaintiff alleged that Defendants obtained the state judgment through perjury, concealment, and misuse of the courts, and he sought to recover

for the outcome of that judgment [Doc. 2; Doc. 43 at 11]. But a civil rights action "cannot serve as a basis for relitigating questions previously decided in the State courts," and actions that do so may be found frivolous and warrant fees. *Tonti v. Petropoulous*, 656 F.2d 212, 216–17 (6th Cir. 1981). Plaintiff responds that *Tonti* followed a directed verdict [Doc. 66 at 10–11]. But the procedural posture of *Tonti* does not bear on the issue. The question is whether the failure of the claim was "clearly apparent from the beginning," and that answer does not depend on how the claim was resolved. *Smith*, 754 F.2d at 183.

The Sixth Circuit's affirmance of this Court's dismissal of Plaintiff's complaint is consistent with this conclusion, but the Court does not base its conclusion on the affirmance. That a claim ultimately fails does not by itself make it frivolous. *Christiansburg*, 434 U.S. at 421–22. The Court's conclusion rests instead on the obvious defects described above, each of which was apparent when Plaintiff filed suit.

Plaintiff also faults the Report and Recommendation for finding "no evidence" supported his position when the case was resolved on the pleadings [Doc. 66 at 5–6]. The Court does not rely on the absence of evidence. Instead, it relies on the absence of any legal basis for the claims as pleaded, which is an independent ground under *Smith*. 754 F.2d at 183.

This case is distinguishable from others where the legal basis for a claim, while tenuous, was potentially plausible enough to justify the denial of attorney's fees. In *Revis v. Meldrum*, 489 F.3d 273 (6th Cir. 2007), the plaintiff sued a state-court judgment creditor and her attorneys, along with a county sheriff's deputy who seized his home to enforce that judgment. The Sixth Circuit affirmed the dismissal of the claims against the private defendants for lack of state action. *Id.* at 289-92. The *Revis* court also found that a violation of the plaintiff's constitutional rights had in fact occurred when the deputy evicted him without due process. *Id.* at 282-85. As a result, the Sixth

Circuit vacated the award of attorney's fees for the § 1983 claim and remanded the issue for reconsideration. *Id.* at 293. Unlike that case, no state official participated in the events underlying Plaintiff's claims, and Plaintiff did not plausibly allege that any state actor violated his constitutional rights. Plaintiff's claims lacked any legal basis.

**2. The Rule 59(e) Motion**

The Report and Recommendation observes that, had Plaintiff accepted the dismissal of his claims, its conclusion as to fees "might have been different" [Doc. 65 at 10]. Plaintiff reads that sentence as a finding that the action became frivolous only when he filed his Rule 59(e) motion, so that fees incurred earlier cannot be recovered [Doc. 66 at 7–8, 12–13]. To the extent the sentence suggests that the claims were not frivolous when filed, the Court declines to adopt it. Upon de novo review, the Court finds that Plaintiff's claims under §§ 1983 and 1985 were frivolous, unreasonable, and without foundation from the outset. Plaintiff's Rule 59(e) motion, which the Court previously found advanced "nonsensical theories" and presented no grounds for relief [Doc. 47 at 3], reinforces that conclusion. Plaintiff correctly observes that filing a Rule 59(e) motion is not, by itself, sanctionable [Doc. 66 at 20–22]. The Court does not treat it as such. Rather, the Court's finding rests on the lack of any reasonable factual or legal foundation for Plaintiff's underlying claims.

**3. Egregious Misconduct and Pro Se Status**

Plaintiff contends that a fee award requires "truly egregious" misconduct, and he lists examples of egregious misconduct such as fabrication, falsified evidence, or adjudicated bad faith [Doc. 66 at 6, 13–14]. *Jones* limits fee awards to "truly egregious cases of misconduct, 789 F.2d at 1232, but it does not require the fabrication of evidence be involved or even bad faith. *Christiansburg* permits an award where an action is objectively frivolous, "even though not

brought in subjective bad faith." 434 U.S. at 421. *Christiansburg* rejected a bad-faith requirement for a simple reason: the American Rule already permits fee awards against a party who litigates in bad faith, so a statute limited to that circumstance would have accomplished nothing. 434 U.S. at 419.

Plaintiff's pro se status does not insulate him from an award of fees under § 1988. An unrepresented litigant "should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims." *Hughes*, 449 U.S. at 15. But Plaintiff's conduct went far beyond subtle deficiencies, and he is no stranger to federal litigation. Plaintiff has pursued numerous civil actions in federal courts and has substantial experience with motions to dismiss, post-judgment motions, and appellate proceedings. *See Kruglyak v. U.S. Dep't of Homeland Sec.*, No. 2:16-CV-00113-TRM-MCLC (E.D. Tenn. Jan. 18, 2017) (dismissing for lack of jurisdiction); *Kruglyak v. LinkedIn Corp.*, No. 2:24-CV-00167-DCLC-CRW (E.D. Tenn. Oct. 3, 2025) (dismissing case); *Kruglyak v. KSM Carrier Grp., Inc.*, No. 2:25-CV-00082-DCLC-CRW (E.D. Tenn. Mar. 3, 2026) (dismissing case); *Kruglyak v. Unlimited Carrier, Inc.*, No. 2:25-CV-00171-DCLC-CRW (E.D. Tenn. Sept. 14, 2026) (dismissing case; motion to alter or amend pending). Plaintiff has also filed suits in courts across the country, as this Court noted in the *LinkedIn* litigation. *See LinkedIn*, No. 2:24-CV-00167-DCLC-CRW, Doc. 57 at 7 (citing Doc. 24 n.2); *Kruglyak v. Pollack*, No. 519197/2024 (N.Y. Sup. Ct. 2024); *Kruglyak v. Reuter Fam. YMCA*, No. 24CVS002814-100 (N.C. Super. Ct. 2024); *Kruglyak v. U.S. Bank, N.A.*, No. 24-cv-00024-RSB-PMS (W.D. Va. 2024); *Kruglyak v. Chevron USA Inc.*, No. 63-CV-24-000070 (Ala. Tuscaloosa Cnty. Ct. 2024); *Kruglyak v. All Freight Carriers*, No. 23-cv-00202-WMR (N.D. Ga. 2023).

That history does not itself render this action frivolous. It does, however, provide context for evaluating Plaintiff's continued pursuit of claims that lacked a foundation under settled law.

The present action sought to transform a private property dispute, already litigated in state court, into a federal civil rights controversy without allegations establishing the essential elements of a federal claim. The Court's conclusion that those claims were frivolous rests on their objective deficiencies, not merely on Plaintiff's litigation history or his failure to prevail.

In applying *Hughes*, the Court holds Plaintiff only to a standard of objective reasonableness. But the dispute Plaintiff brought here was one he had litigated through trial and appeal in state court. The defects in Plaintiff's federal claims did not turn on technical pleading requirements that a pro se litigant might be expected to overlook; rather, the defects were rooted in the basic, clearly established proposition that private parties are not state actors unless their actions are "fairly attributable to the state." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). And a federal civil rights action is not a vehicle for relitigating questions already decided in state court. *Tonti*, 656 F.2d at 216-17. His persistence after the Court explained those defects [Docs. 43, 44, 46] confirms that conclusion. For these reasons, the Court finds that this is a truly egregious case within the meaning of *Jones* and *Riddle*, and one of the rare cases in which an award against a pro se plaintiff is warranted.

**4. Plaintiff's New Evidence**

With his objections, Plaintiff submits a 2022 state court order bifurcating his damages counterclaims, a 2019 officer's return of service on his wife, a 2016 letter from the Bristol Municipal Court Clerk that his parking ticket had been paid in November 2016, and copy of a letter he sent to Sullivan County Chancellor Katherine Priester complaining about the conduct of A.D. Jones [Docs. 66-2 to 66-5]. He contends that the bifurcation order shows that no final state judgment existed, that the return of service shows the state judgment is void, and that Defendants

"suppressed" the bifurcation order to mislead the magistrate judge [Doc. 66 at 11–12, 17–19, 22]. Plaintiff did not present these to the magistrate judge but offers no reason why he chose not to do so. With the exception of his letter to the Chancelor dated July 28, 2026, these exhibits could have been submitted for consideration. They are therefore not properly before the Court, *Murr*, 200 F.3d at 902 n.1; *Waters*, 158 F.3d at 936, and the Court declines to receive the new evidence, Fed. R. Civ. P. 72(b)(3). His letter to the Chancellor adds nothing. It is simply irrelevant to whether his federal claims had a legal foundation when he filed them in federal court.

Accordingly, Objections One, Two (except as noted below), Five through Eight, Ten, Eleven, and Fourteen are **OVERRULED**.

### B. Counsel's Authority to Seek Fees (Objection Two, ¶ 4)

Plaintiff argues that defense counsel lacked authority to file the fee motion because Mr. Huron died before it was filed [Doc. 66 at 8]. Plaintiff did not raise this argument before the Magistrate Judge. In any event, the Court has since substituted Sandra Jo Huron, as Administrator Ad Litem for the Estate of John Huron, in his place under Fed.R.Civ.P. 25(a)(1) [Doc. 72]. The objection is **OVERRULED**.

### C. Stay Pending Appeal (Objection Twelve)

Plaintiff renews his request that the fee determination be stayed pending his appeal [Doc. 66 at 19]. The Court previously denied that request [Doc. 64], and the Sixth Circuit's affirmance removes any basis for revisiting that ruling. The objection is **OVERRULED**.

### D. Amount of the Award (Objections Three, Four, Nine, and Thirteen)

#### 1. Allocation Under *Fox v. Vice*

Section 1988 authorizes fees only for the § 1983 and § 1985 claims, not for Plaintiff's other claims. Where a suit includes both fee-eligible frivolous claims and other claims, the defendant

may recover "only the portion of his fees that he would not have paid but for the frivolous claim[s]." *Fox v. Vice*, 563 U.S. 826, 836 (2011). Plaintiff argues that because Defendants could not segregate their billing by claim, they cannot satisfy that standard [Doc. 66 at 8–10].

But *Fox* does not require segregation. It requires only a reasonable determination of the fees attributable to the frivolous claims, and it expressly permits the Court to "use estimates in calculating and allocating an attorney's time." *Id.* at 838. The goal "is to do rough justice, not to achieve auditing perfection." *Id.* The Court makes that determination as follows.

As to the motion to dismiss and reply, the magistrate judge reduced the roughly sixty attorney hours billed by one-half to account for time spent on claims for which fees are not recoverable [Doc. 65 at 17–18]. Of the roughly fifteen pages of argument in Defendants' motion to dismiss, seven address the § 1983 and § 1985 claims or the counts Plaintiff pursued through § 1983, with the remainder addressing the Sherman Act and RICO theories and supplemental jurisdiction [Doc. 21 at 5–20]. The page count, if anything, understates the role of those claims because they were the heart of Plaintiff's action. Plaintiff's other federal theories rested on the same alleged misconduct in the state proceedings, and they used the civil rights claims as a vehicle. Thus, an even larger share of counsel's time than the magistrate judge allocated could reasonably be attributed to them. The Court nonetheless adopts the one-half reduction as a conservative estimate that achieves the "rough justice" *Fox* contemplates. 563 U.S. at 838. Defendants' remaining work in the main case falls into four categories, which the Court considers in turn.

First, Defendants spent 16.6 hours, billed at $2,731.35, opposing Plaintiff's motion to appoint a special master [Doc. 50-1]. That motion asked the Court to investigate whether Defendants had committed fraud on the state court and whether the state judge's bias had deprived Plaintiff of due process, expressly invoking § 1983. It was an extension of the theory underlying

the § 1983 and § 1985 claims, and the work opposing it would not have been necessary but for those claims.

Second, Defendants spent 15.2 hours, billed at $2,009.30, responding to Plaintiff's Rule 59(e) motion [Doc. 50-1]. All of that time is attributable to the fee-eligible claims. The only claim-specific argument in the motion concerned the § 1983 claims. Plaintiff argued that the Court failed to accept as true his allegations that private defendants conspired with a state judicial officer, and that the Court overlooked "the conspiracy exception to the state-action requirement" [Doc. 44 ¶¶ 1–5, 13, 15]. State action is an element of a § 1983 claim. It is not an element of Plaintiff's Sherman Act or RICO claims, and the motion does not mention those claims. Plaintiff's remaining arguments asked the Court to set aside the judgment as a whole, but none identified an error in the dismissal of any other claim [*Id.* ¶¶ 6–10, 14]. Defendants would not have incurred the cost of responding to the motion but for the § 1983 claims. *See Fox*, 563 U.S. at 836.

Third, Defendants spent 30.1 hours, billed at $4,020.50, opposing Plaintiff's motion for partial summary judgment [Doc. 50-1]. That motion sought judgment on Plaintiff's claims for trespass, conversion, unauthorized parking penalties, fraudulent misrepresentation, professional-responsibility violations, civil conspiracy under Tennessee law, and abuse of process, together with sanctions against Mr. Jones under 28 U.S.C. § 1927 and the Court's inherent authority [Doc. 36 at 1, 5–11]. It did not seek relief on, or rely on, the § 1983 or § 1985 claims. Because that work was on claims that are not fee-eligible, the Court modifies the magistrate judge's recommendation and exclude these fees as not recoverable.

Fourth, Defendants spent 24.7 hours, billed at $3,715.05, on the Rule 26(f) conference and report, initial disclosures, and responses to Plaintiff's requests for admission [Doc. 50-1]. Plaintiff's requests addressed both the Hurons' use of the driveway, which bears on the state law

claims, and Mr. Jones's conduct of the state litigation, which bears on the civil rights claims [Doc. 36 at 3–5]. As with the motion to dismiss, the Court finds that one-half of this time, or $1,857.53, is a reasonable, conservative estimate of the work attributable to the fee-eligible claims, and it modifies the magistrate judge's recommendation to exclude the other half.

Objections Three and Four are **SUSTAINED** to the extent stated above and are otherwise **OVERRULED**.

### 2. Fees for the Fee Application

In Objection Nine, Plaintiff argues that the fees awarded for preparing and litigating Defendants' fee motion exceed the limit set in *Coulter v. Tennessee*, which provided that, "[i]n the absence of unusual circumstances, the hours allowed for preparing and litigating the attorney fee case should not exceed 3% of the hours in the main case when the issue is submitted on the papers without a trial." 805 F.2d 146, 151 (6th Cir. 1986). He contends that the Report and Recommendation misapplied that limit by comparing dollar amounts rather than hours [Doc. 66 at 15]. The magistrate judge applied that cap to the fees for fees application [Doc. 65 at 20-21].

However, the Sixth Circuit abrogated *Coulter*'s percentage cap in 2016. *Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 725 (6th Cir. 2016). The Sixth Circuit concluded that the cap was inconsistent with *Comm'r, INS v. Jean*, 496 U.S. 154 (1990), and held that *Coulter* "is abrogated to the extent that it holds that fees for seeking fees are limited to 3% and 5%." *Husted*, 831 F.3d at 725. Time spent preparing and litigating a fee application remains compensable, *Coulter*, 805 F.2d at 151, but it is subject to the same reasonableness inquiry that governs the rest of the award. *Husted*, 831 F.3d at 722 (holding that "the *Hensley* reasonableness formulation likewise applies to the fees stage of § 1988 litigation"). Thus, whether measured in hours or in dollars, the 3% figure on which Plaintiff relies no longer limits the award. To the extent the Report

and Recommendation measured the fees-for-fees request against that figure, the Court does not adopt that portion of its analysis and instead reviews the request for reasonableness.

Having done so, the Court finds the time Defendants' counsel spent preparing and litigating the fee motion reasonable. The billing entries are sufficiently detailed, are not duplicative, and reflect work reasonably necessary to obtain the award and to respond to Plaintiff's opposition. Plaintiff's remaining arguments that the hours were unnecessary and unsegregated fail for the reasons stated above, as the time was spent obtaining an award the Court has found warranted. Because it was based on outdated caselaw, the Court does not adopt the magistrate judge's recommended $500.00 reduction [Doc. 65 at 20–21] and restores that amount to the award. Accordingly, Objection Nine is **OVERRULED**.

### 3. Remaining Calculations

Plaintiff's remaining objections to the amount, including the objections that the Report and Recommendation's reductions are arbitrary and that the Court should require task-by-task proof and permit discovery into defense counsel's billing [Doc. 66 at 19–20, 24], are without merit. The magistrate judge explained each reduction, and the Court has explained its modifications here. The Court agrees those the hourly rates charged are reasonable. Plaintiff also failed to identify any specific entry that was excessive or unnecessary, and the Court does not see one in the record. Accordingly, Objection Thirteen is **OVERRULED**, and Plaintiff's requests for further proof and for discovery are **DENIED**. The Court accepts the magistrate judge's exclusion of costs and of time spent on counsel's pro hac vice admission [Doc. 65 at 13–15].

The award is as follows:

| | |
|---|---|
| Total fees and expenses requested [Docs. 50-1, 52-1] | $30,292.18 |
| Less costs not recoverable as attorney's fees | ($593.23) |

| | |
|---|---|
| Less time on pro hac vice admission | ($167.00) |
| Less one-half of motion-to-dismiss hours (30.0 hours at $155.00) | ($4,650.00) |
| Less opposition to partial summary judgment (30.1 hours) | ($4,020.50) |
| Less one-half of discovery time (12.35 hours) | ($1,857.53) |
| **Total award** | **$19,003.92** |

## IV. CONCLUSION

For the reasons stated, Plaintiff's Objections [Doc. 66] are **SUSTAINED IN PART** and **OVERRULED IN PART**, and the Report and Recommendation [Doc. 65] is **ADOPTED AS MODIFIED** herein. Defendants' Motion for Attorneys' Fees [Doc. 50] is **GRANTED IN PART** and **DENIED IN PART**. Defendants A.D. Jones, Jr., Sandra Jo Huron, and Sandra Huron, as Administrator Ad Litem for the Estate of John Huron, are **AWARDED** attorney's fees under 42 U.S.C. § 1988(b) in the amount of **$19,003.92**. Plaintiff's request for a stay is **DENIED AS MOOT**, and his request for discovery is **DENIED**.

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge